# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case No. |
| | ) 04-64719-aer13 |
| JOHN ROBERT BAILEY and | ) |
| ROXANNE GAIL BAILEY, | ) MEMORANDUM OPINION |
| | ) |
|           Debtors. | ) |

## **BACKGROUND**

This matter comes before the court on the Chapter 13 Trustee's (Trustee) Motion for Instructions. This Chapter 13 case was filed on June 15, 2004. Creditor Wilco Distributing, Inc. (Wilco) which is a pre-petition judgment creditor, objected to confirmation. Confirmation was denied. The Debtors moved to dismiss and on March 16, 2005 the case was dismissed.

In the interim, the Chapter 13 Trustee had collected $4,800 in plan payments. After dismissal, before he could distribute the accumulated plan payments to the Debtors, Wilco served Trustee with a garnishment under state (Oregon) law. Trustee then filed the present motion for instructions.

MEMORANDUM OPINION-1

**ISSUE**

The issue presented is whether a Chapter 13 trustee who is holding debtor's plan payments, must honor a state law garnishment, post dismissal, after confirmation has been denied.

**DISCUSSION**

When a Chapter 13 case is dismissed without a confirmed plan, 11 U.S.C. § 1326(a)(2) provides in pertinent part as follows:

> A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan... <u>If a plan is not confirmed, the trustee shall return any such payment to the debtor</u>, after deducting any unpaid claim allowed under section 503(b) of this title. (emphasis added).[1]

There appears to be a split of authority on this issue. Cases holding that funds held by the trustee following dismissal of an unconfirmed chapter 13 case are subject to levy or other forced collection under state law include: <u>Massachusetts v. Pappalardo</u> *(In re Steenstra)*, 307 B.R.732 (1rst Cir. B.A.P. 2004); <u>In re Doherty</u>, 229 B.R. 461 (Bankr. E.D. Wash.1999); and <u>Clark v. Commercial State Bank</u>, 2001 WL 685529 (W.D. Tex. 2001). These courts reason that despite § 1326(a)(2), the bankruptcy estate terminates after dismissal and the automatic stay is no longer in force, leaving the funds held by the trustee unprotected from garnishing or levying creditors. <u>Doherty</u>, supra at 463; <u>Pappalardo,</u> supra (adopting <u>Doherty</u>).

---

[1] Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.

MEMORANDUM OPINION-2

On the other hand, courts holding that the funds must be returned to the debtor largely base their reasoning on the plain language of § 1326(a)(2) which mandates return of the funds to the debtor (after payment of administrative expense claims under § 503(b)).[2] See, In re Davis, 2004 WL 3310531, 2 (Bankr. M.D. Ala. 2004); In re Oliver, 222 B.R. 272, 275 (Bankr. E.D. Va.1998); In re Walter, 199 B.R. 390, 392 (Bankr. C. D. Ill.1996).

This court agrees with the latter line of cases. Section 1326(a)(2) is clear and unambiguous, therefore, its dictates must be followed. See United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242, 109 S. Ct. 1026, 1031, 103 L.Ed.2d 290, __ (1989) (where the Supreme Court held that courts must follow a statute's plain language unless doing so would produce a result demonstrably at odds with the intentions of its drafters).[3]

---

[2] Here, no § 503(b) claims have been asserted.

[3] In Beam v. I.R.S. *(In re Beam)*, 192 F.3d 941 (9th Cir. 1999), the court required a Chapter 13 trustee, in similar circumstances, to honor an Internal Revenue Service levy. Beam, however, is easily distinguishable from the facts here, as it involved a conflict between two federal statutes (11 U.S.C. § 1326(a)(2) vs. IRS levy statutes, 26 USC §§ 6331 and 6334(a) & (c)). The court held § 1326(a)(2) must give way, based on the levy statutes' language, which among other things, did not exempt funds held by a Chapter 13 trustee from levy. Id. at 944-45. Here, § 1326(a)(2) is pitted against Oregon's garnishment scheme, codified at ORS 18.600-18.850. To the extent the two statutory schemes conflict, the Oregon statutes must give way based on the Supremacy Clause, U.S. Const., art. VI, cl. 1.2, and its related doctrine of preemption. Davis, supra at 2 (§1326(a)(2) preempts state garnishment statutes). See also, In Re Harris, 258 B.R. 8, 12-13 (Bankr. D. Id. 2000) (refusing to extend Beam to an attorney's state law charging lien).

MEMORANDUM OPINION-3

In addition, sound policy reasons support returning the funds to the debtor. As ably put by the Davis court,

> This disposition of the money [to the debtor] serves several purposes. First, it fosters the policy of encouraging debtors who are financially able to repay their debts to file chapter 13. It ensures that debtors who attempt chapter 13 will not be penalized for an unconfirmed attempt. Returning the money to the debtor ensures the orderly and efficient disposition of chapter 13 cases. Congress no doubt considered the possibility that creditors would like to participate in the money held by the trustee. By requiring the trustee to return the money to the debtor, Congress ensured that any attempts to reach the money would ensue outside the jurisdiction of the bankruptcy court. Therefore, unconfirmed cases may be closed as quickly as statutorily possible following dismissal. Holding to the contrary would create a "race to the trustee" and effectively ignore the statutory mandate to return the money to the debtor.

Davis, supra at 2.[4]

Based on the above, Trustee will be ordered to disburse the funds on hand to the Debtors forthwith. A separate order shall be entered. This opinion constitute the court's findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated.

*albert E. Radcliffe*

ALBERT E. RADCLIFFE
Chief Bankruptcy Judge

---

[4] The Davis court also noted that adhering to §1326(a)(2) was consistent with § 348(f), which, absent a showing of bad faith, returns to the debtor, upon conversion, post petition earnings held by the Ch. 13 Trustee, and with § 349(b), which, upon dismissal, revests property of the estate in the entity in which such property was vested immediately before the commencement of the case. Id. at 2.

MEMORANDUM OPINION-4